09-22193.ob

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22193-CIV-ALTONAGA-BROWN

CIBER OFFICE 2013, C.A.,

    Plaintiff,

vs.

SEAFREIGHT LINE LTD., a Cayman Islands
corporation; SEAFREIGHT AGENCIES (USA)
INC., a Florida corporation; etc., et al.,

    Defendants.
_____/

### ORDER RE: MOTION FOR PROTECTIVE ORDER OR TO QUASH

**THIS MATTER** is before the Court on defendant Seafreight's Motion for Protective Order and/or Motion to Quash...(D.E. 41). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

This motion, much like the other one already addressed, suffers from similar infirmities. The Court finds that it is ludicrous to suggest that nothing about this subpoena is appropriate. Therefore, the maker of the motion should have followed Local Rule 26.1.H.3, and the motion can be denied on that basis. Secondly, there are objections that "pertain" to some requests but not others...and the objection to the use of the words "pertaining to", ipso facto, does not make a request improper. Indeed, that very phrase is used in the form interrogatories attached to the Local Rules of the Southern District of Florida. (See Appendix B of the local rules). This motion is actually some form of a hybrid - citing specific requests with objections etc., but then referring to them as "examples."

Unlike D.E. 43, the entire subpoenaed items are not set forth in the motion, but the subpoena

1

is attached. Having stated the above, there are requests that are clearly over broad - such as (1).

With regard to number 2 - defendants, understandably, want this case to be only about the alleged thefts regarding plaintiff's materials ... and want the Court to ignore the claims related to the prior occurrences. Those claims have survived the motion to dismiss and are an integral part of this case. Therefore, request 2 is appropriate.

As stated in the prior order, (1) some of the requests are over broad; and (2) some of the materials sought are appropriate. In addition, if a request is allegedly objectionable in part, the party subpoenaed is obligated to produce that which is not objectionable. FRCP 34(b)(2)(C). This applies to request 4. While not "all documents" pertaining to this request are necessarily appropriate, any documents related to these drivers' alleged involvement in the theft of cargo quite clearly are appropriate and should be produced.

Number 5 was addressed in the prior order and the same is applicable herein. Giving plaintiff the benefit of the doubt since plaintiff is responding to a deficient motion, the response also leaves much to be desired, particularly as it attempts to justify requests 1, 3, 8, and 9. For example - when a document request ends in "etc." (request 1) - that's a good indicator that it is vague and over broad.

Marine Consulting, Inc. is not a party to this case. How is their insurance coverage (request 9) relevant? That is not to say it isn't, only that plaintiff has fallen short in demonstrating same. Plaintiff's lack of careful consideration is perhaps most evident in request 9 ... the subpoena is issued to Marine Consulting, Inc. But request 9 seeks information from Maritime Consulting, Inc.??

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**, in part, and **DENIED, without prejudice**, in part, as follows:

1. The motion is GRANTED as to requests 1, 4 (in part) (supra), 5, 8 and 9.

2. The motion is DENIED as to the remaining requests. However, with regard to items 2, 3,

2

and 7, to the extent privilege is claimed, an appropriate privilege log shall be produced.

    3. Marine Consulting Inc. Shall have through and including Friday, March 5, 2010, to comply with this order.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2010.

                                      STEPHEN T. BROWN
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Cecilia M. Altonaga
        Counsel of record